UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

**Shari J Thorp and
Dwayne A Thorp,**

        Debtor(s).

Chapter 13

Case No. 23-07933

Honorable Judge David D. Cleary

**HEARING DATE**: January 8, 2024

**HEARING TIME**: 2:00 P.M.

**AGREED ORDER CONDITIONALLY DENYING
MOTION FOR RELIEF FROM STAY**

NOW COMES Debtor, Shari J Thorp and Dwayne A Thorp, by and through their undersigned counsel and Creditor, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2020-3TT, ("Creditor"), by and through its undersigned counsel, and **AGREE AS FOLLOWS**:

    1.    The Motion for Relief from Stay with respect to **801 Bussey CT, Streamwood, IL 60107** (the "Property") is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth

    2.    Debtor is due for the January 1, 2024 payment. Debtor shall maintain all regular monthly payments beginning with the payment due January 1, 2024.

    3.    Debtor shall be responsible for the attorney's fees and costs associated with the filing of the motion in the amount of $1,238.00 which will be paid direct to Movant over six (6) months in the amount of $206.34 commencing January 15, 2024.

    4.    If the Debtor fails to make mortgage payments or payments as a result of this agreement on the date on which it is due, thereby accruing a two month post-petition mortgage payment default, then the Automatic Stay, including the Stay imposed by Rule 4001(a)(3), shall automatically terminate without further Court Order. Creditor is required to give notice to the

QPWB# IL-001985-23

Debtor and Debtor's attorney of the default. The complained of default will need to be cured and proof of cure received by Creditor within 14 days from the date notice is sent to avoid termination of the Automatic Stay.

5. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears due to Creditor by the date of entry of the Order converting the case. Should the Debtor fail to timely cure said arrears, Movant may abandon the terms of this Agreement and the 11 USC §362(a), Stay, if any is in effect, shall terminate without further notice of order of the Court and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2020-3TT, its successors and/or assigns, shall be free to exercise any rights as granted with respect to the real property including, but not limited to, taking possession and selling, leasing, or otherwise disposing of the real property in a commercially reasonable manner.

Having seen and agreed:

/s/ James W. McConkey
James W. McConkey, Esq.
(ARDC # 6183734)
Quintairos, Prieto, Wood and Boyer, P.A.
115 S. LaSalle St., 31st Floor
Chicago, IL 60603
Email: james.mcconkey@qpwblaw.com
*Attorney for Movant*

/s/
David H Cutler, Esq.
(ARDC # 034403)
Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Email: cutlerfilings@gmail.com
*Attorney for Debtor*

DATED: January 8, 2024

ENTER:

**Honorable Judge David D. Cleary**
**United States Bankruptcy Judge**

MLU

QPWB# IL-001985-23